**Jack E. BLANKENSHIP, Plaintiff and Appellant,**

v.

**Zane CHRISTENSEN, Dee E. Christensen et al., Defendants and Respondents.**

**No. 16770.**

Supreme Court of Utah.

Jan. 9, 1981.

---

* Crockett, Retired Justice, concurred in this case before his retirement.

John C. Beaslin of Beaslin, Nygaard, Coke & Vincent, Vernal, for plaintiff and appellant.

Robert L. Moody, Provo, George E. Mangan, Roosevelt, for defendants and respondents.

CROCKETT, Chief Justice:

Plaintiff Jack E. Blankenship brought this action to quiet title to some unimproved property in Duchesne County to which he had received a quitclaim deed from Enid Christensen (now Kolarich), who had allegedly acquired her interest in the land by an assignment from defendant Dee E. Christensen, her former husband.

Upon a trial to the court, it found that at the time of the purported assignment Dee E. Christensen had lacked mental capacity to make it and that, consequently, no interest in the property passed to Enid Christensen (Kolarich), nor to the plaintiff. Plaintiff appeals, contending that the evidence does not support those findings.

On October 23, 1968, Marion H. Christensen, who was either the father or father-in-law of all of the defendants, died testate. His will provided that his seven surviving children should share equally in his property. Pursuant to probate proceedings, an order of distribution in accordance therewith was entered August 1, 1969.

A few days before, on July 22, 1969, defendant Dee E. Christensen and his wife were divorced in Wyoming. At that time, he executed an assignment to her of all of his interest in his father's estate. That same day, he was involuntarily committed to the Wyoming State Hospital. In its commitment order, the Wyoming court recited that

> ... Dee E. Christensen is mentally ill, and because of his illness ... lacks sufficient capacity to make responsible decisions ....

Enid Christensen (Kolarich) subsequently filed a "notice of interest" with the clerk of the probate court, which set forth her claimed ownership of any interest defendant Dee E. Christensen had in the estate. On November 21, 1969, she recorded another such notice with the Duchesne County recorder.

In 1970, the defendants, including Dee E. Christensen, exchanged deeds between themselves, whereby each child received one-seventh of the real property which had been distributed under the will. As a result of that exchange, there was conveyed to defendant Dee E. Christensen about 80 acres as his share.

About five years later, on December 3, 1975, Enid Christensen (Kolarich) executed a quitclaim deed of her interest in the property to the plaintiff for $2,000. After the plaintiff contacted the defendants, and asserted his interest in the property, defendant Dee E. Christensen filed an affidavit wherein he recited the events relating to his hospitalization in Wyoming and the purported assignment of his interest in the estate to his ex-wife. In that affidavit, he averred that her "claim to my interest in the Marion H. Christensen estate is invalid." Thereafter, the plaintiff initiated this action.

The findings of the trial court which are of critical importance here are that at the time he executed the assignment on July 22, 1969, "the defendant Dee E. Christensen lacked the mental capacity to make a valid assignment"; that the plaintiff "stands in the position of Enid Christensen Kolarich"; and further, that any effort of the plaintiff to purchase the property was "with full knowledge, implied or actual, of the defects in and to the same."

In attacking the findings and judgment, plaintiff argues that the question as to Dee E. Christensen's mental capacity or competence was never adjudged; and that his admission to the Wyoming State Mental

Hospital did not necessarily show that he was incompetent to execute the assignment. Whatever else may be said about the merit of that argument as stated, it is significant to note that the Wyoming court made the express finding, quoted above, that because of mental illness Dee E. Christensen lacked sufficient capacity to make responsible decisions.[1] This, coupled with his own testimony as to his disorientation and lack of awareness at the time the assignment was made, provide a reasonable foundation for the finding about which plaintiff complains.

In addressing plaintiff's contention that the evidence does not support the findings, the standard rule of review is that we defer to the prerogatives of the trial court in determining what evidence he will believe, and in drawing such inferences as he may fairly derive therefrom.[2] Even though it may plausibly be contended that the evidence would support a contrary finding, we are not persuaded that there is no reasonable basis in the evidence to support the trial court's finding that at the time he made the assignment to his wife, Dee E. Christensen lacked mental capacity and that the assignment was thus invalid and passed no interest in the property to her. It is elementary that an assignee takes no more interest in property than his assignor had.[3] Therefore, the court was justified in its conclusion that the plaintiff received no interest in the property in question by obtaining a quitclaim deed from Enid Christensen (Kolarich).

Affirmed. Costs to defendants.

HALL, and STEWART, JJ., and DEAN E. CONDER, District Judge, concur.

MAUGHAN, C. J., does not participate herein; DEAN E. CONDER, District Judge, sat.

WILKINS, J., heard the arguments but resigned before the opinion was filed.

---

1. We so state, notwithstanding plaintiff's reference in his brief to Wyo.Stat. secs. 25–3–124(d) and 25–3–125.

2. *Tates, Inc. v. Little America Refining Co.*, Utah, 535 P.2d 1228 (1975), *Cutler v. Bowen*, Utah, 543 P.2d 1349 (1975).

---

3. *Wiscombe v. Lockhart*, Utah, 608 P.2d 236 (1980).